GEORGE ALBERT GARMAN, II, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Garman v. Commissioner
Docket No. 529-77.
United States Tax Court
T.C. Memo 1978-111; 1978 Tax Ct. Memo LEXIS 406; 37 T.C.M. (CCH) 495; T.C.M. (RIA) 780111; March 21, 1978, Filed George Albert Garman, II, pro se. John S. Ball, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined *408 a deficiency in petitioner's Federal income tax for the taxable year 1973 in the amount of $180. The sole issue presented for our decision is whether petitioner is entitled to claim a dependency exemption for his son Gregory for the taxable year 1973. FINDINGS OF FACT Some of the facts have been stipulated and are so found. George Albert Garman, II (petitioner), resided in Hardy, Virginia, on the date the petition was filed herein. Petitioner filed his 1973 Federal income tax return with the Internal Revenue Service Center, Memphis, Tennessee. Petitioner and his former wife, the present Linda Mae Gibson (Linda), were divorced on June 18, 1968. The divorce decree granted custody of their son Gregory to Linda and ordered petitioner to pay Linda $80 per month for Gregory's support. There is no provision in such decree allocating the dependency exemption for Gregory, and petitioner and Linda did not execute a written agreement providing that petitioner could claim the exemption in 1973. Linda had custody of Gregory during all of 1973, and petitioner paid Linda $960 for Gregory's support during 1973. In addition to the $960 provided by petitioner, Linda and her present *409 husband, Ronald Gibson, expended approximately $1,496 in 1973 for Gregory's support.The total $2,456 expended for Gregory's support consists of the following: Share of rent, food, and utiities $965
Clothes and haircuts
260
Medical care and insurance
260
School and child care expenses
446
Entertainment, lessons, and
vacation expenses
339
Christmas presents
186
$2,456 Tinda worked as a switchboard operator during part of 1973. In 1972, petitioner claimed a dependency exemption for Gregory and, after audit, his return was accepted as filed. Both the Gibsons and petitioner claimed an exemption for Gregory for the taxable year 1973. Respondent disallowed petitioner's claimed dependency exemption for Gregory. OPINION Respondent argues that section 152(e) [1] applies in the instant case so that petitioner will be entitled to an exemption for Gregory only if he meets the requirements of either section 152(e)(2)(A) or (B). Section 152(e)(1) states: (e) Support Test in Case of Child of Divorced Parents, etc.-- (1) General rule.--If-- (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his *410 parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the partent not having custody.) [Emphasis supplied.] Petitioner has the burden of proving that he is entitled to a dependency exemption for Gregory for 1973. Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner has not proved that Gregory did not receive over half of his support from petitioner and Linda during 1973, section 152(e)(1)(A), and it has been stipulated that Linda had *411 custody of Gregory during the entire taxable year 1973, section 152(e)(1)(B). Therefore, since petitioner is "the parent not having custody," he is entitled to a dependency exemption for Gregory only if he meets the requirements of one of the special rules set forth in section 152(e)(2). [2]
*412 Since neither the divorce decree, nor a written agreement of Linda and petitioner, provides that petitioner is entitled to the exemption for Gregory, the special rule of section 152(e)(2)(A) does not apply. Sec. 152(e)(2)(A)(i). Petitioner only provided $960 for the support of Gregory during 1973. The special rule of section 152(e)(2)(B) does not apply because section 152(e)(2)(B)(i) requires the parent not having custody to pay $1,200 or more for support of the child of the divorced parents. Even if section 152(e) were inapplicable, petitioner did not provide over half of Gregory's support for 1973 as required by section 152(a) because he paid only $960 of the $2,456 expended during 1973 for Gregory's support. Furthermore, it is clear that respondent is not precluded from disallowing petitioner's 1973 dependency exemption because he allowed a similar deduction for 1972. Walker v. Ocmmissioner,362 F. 2d 140 (7th Cir. 1966). Accordingly, we hold that petitioner is not entitled to a dependency exemption for Gregory for the taxable year 1973. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as in effect for the taxable year 1973.↩
2. (2) Special Rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (A)(i) the decree of divorce or separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For the purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.↩